**Judy & Michael BURGO, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**VOLKSWAGEN OF AMERICA, et al., Defendants.**

No. CIV.A. 01–2401(JCL).

United States District Court, D. New Jersey.

Oct. 17, 2001.

Peter S. Pearlman, Cohn, Lifland, Perlman, et al., Saddle Brook, NJ, for Plaintiff.

Jeffrey L. Chase, Chase Kurshan, Suhr, et al., Livingston, NJ, Ronald J. Levine, Herrick, Feinstein, LLP, Princeton, NJ, for Defendant.

## MEMORANDUM AND ORDER

LIFLAND, District Judge.

This issue in this case is whether the Court has subject matter jurisdiction over Plaintiffs' claims. The Court must apply the doctrine of the well-pleaded complaint, and the corollary complete preemption exception, to the language of the federal Motor Vehicle Safety Act ("MVSA" or the "Act"). Plaintiffs Judy and Michael Burgo move to remand this action to state court pursuant to 28 U.S.C. § 1447(c). Defendants Volkswagen of America, Inc., doing business as Audi of America, Inc. and Bridgestone / Firestone, Inc., removed the action to this Court, and now oppose remand. They argue that this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the MVSA completely preempts any state law authority to order automobile recalls. As discussed below, while the MVSA may, or may not, provide the Defendants a pre-emption defense, it does not completely preempt state law, and therefore does not create federal question jurisdiction over this case. Accordingly, since this Court lacks subject matter jurisdiction, the case will be remanded to state court.

## BACKGROUND

■ This action arises out of the sale of allegedly defective automobile tires. The Plaintiffs filed a complaint in the Law Division of the Superior Court of New Jersey, Hudson County, on April 11, 2001. The Plaintiffs seek certification of their complaint as a class action on behalf of persons who owned or leased Audi models S4 or TT with specified tire models prior to December 1, 2000. Compl. ¶¶ 39–40. Plaintiffs allege that these tires suffer from a variety of defects that may lead to failure during operation. Compl. ¶¶ 11–15. Although the Defendants offered to replace the allegedly defective tires, Plaintiffs claim that the substitution is an insufficient remedy. Compl. ¶ 31. Plaintiffs thus filed this complaint alleging breach of the implied warranty of merchantability, violation of the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301–2312,[1] and consumer fraud. Plaintiffs seek money damages and replacement tires, as well as "final injunctive relief compelling Defendants to recall their applicable automobiles and tires." Compl. ¶ 72.

On May 18, 2001, Defendants removed this action pursuant to 28 U.S.C.

---

1. Although not raised by either party, the Magnuson–Moss Warranty Act (the "Act") does not establish federal question jurisdiction over this claim. Magnuson–Moss provides that any consumer may bring a class action suit against a supplier who fails to comply with the requirements of the Act, if the amount in controversy is greater than $50,000. 15 U.S.C. § 2310(d)(1); (3)(B). Although the claims of all class members may be aggregated to reach this jurisdictional minimum, 15 U.S.C. § 2310(d)(3)(C) further states that the number of named plaintiffs in a class action must exceed one hundred. As the Burgos are the only named class members, the requirements of section 2310(d)(3)(C) are not satisfied. *See Miller v. Bridgestone/Firestone Inc.*, 2000 WL 1570732, at *3 n. 5 (E.D.Pa. Oct.19, 2000); *Stuessy v. Microsoft Corp.*, 837 F.Supp. 690, 690–91 (E.D.Pa.1993).

§§ 1441(a) and 1446(a). Defendants claim the existence of a federal question under 28 U.S.C. § 1331, based on the Plaintiffs' request for an order compelling a recall. Defendants argue that the authority to administer automobile and tire recalls under the Motor Vehicle Safety Act is completely vested in the National Highway Traffic Safety Administration ("NHTSA"). Notice of Removal ¶ 9. The Defendants reason that because the MVSA completely preempts state authority over automotive recalls, the Plaintiffs' demand for a recall states a federal question within the meaning of 28 U.S.C. § 1331.

### STANDARD OF REVIEW

An action filed in state court may be removed to a federal court if the case could have originally been brought in that federal forum. 28 U.S.C. § 1441(a); 1446(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Any action removed to federal court shall be remanded to the state court, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The facts supporting jurisdiction are evaluated "according to the plaintiffs' pleading at the time of the petition for removal," and the removing party carries the burden of establishing federal subject matter jurisdiction. *Int'l College of Surgeons*, 522 U.S. at 163, 118 S.Ct. 523; *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir.1995); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985). The limited scope of federal jurisdiction demands that the removal statutes be strictly construed. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). All doubts concerning removal jurisdiction should therefore "be resolved in favor of remand." *Brown v. Francis*, 75

F.3d 860, 864–65 (3d Cir.1996); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

### ANALYSIS

A case removed on the basis of a federal question must contain a claim that "arises under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1331, 1441(b); *Dukes*, 57 F.3d at 353. To arise under federal law, the federal question must appear on the face of the plaintiff's "well-pleaded complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Dukes*, 57 F.3d at 353. The well-pleaded complaint rule recognizes that the plaintiff is the "master of the complaint," and may choose to assert only state law claims, despite the availability of federal remedies. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir.1986) (citations omitted).

Federal jurisdiction cannot be created by anticipating a federal defense to the plaintiff's state law claims. *Gully v. First Nat'l Bank*, 299 U.S. 109, 115–18, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425. Therefore, a defendant may not ordinarily remove a case by demonstrating that the plaintiff's cause of action is preempted by federal law. *Caterpillar*, 482 U.S. 386 at 398, 107 S.Ct. 2425; *Railway Labor Execs. Assoc. v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 939 (3d Cir.1988). In this case, the Defendants do not claim that the Plaintiffs' complaint raises a federal issue on its face. Rather, the Defendants argue that an exception to the well-pleaded complaint rule, complete preemption, supports jurisdiction.[2]

---

**2.** Although the Defendants argue that both the

complete preemption doctrine and the "artful

Although a mere defense based on federal preemption is insufficient to confer jurisdiction, the doctrine of complete preemption is "a corollary or an exception to the 'well-pleaded complaint' rule." *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678 (3d Cir.2000) (citing *Metropolitan Life v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). The complete preemption doctrine holds that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. 1542. Where complete federal preemption exists, removal is proper despite the absence of a federal cause of action on the face of the complaint. *Rivet v. Regions Bank of L.A.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). In a case where the "preemptive force" of federal law "is so powerful as to displace entirely any state cause of action" for the same claim, the state claim "necessarily 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 23–24, 103 S.Ct. 2841.

Courts are cautioned against finding complete preemption too readily. *Railway Labor*, 858 F.2d at 940–41. Complete preemption is an extraordinary doctrine "that converts an ordinary state common law complaint into one stating a federal claim." *Metropolitan Life*, 481 U.S. at 65, 107 S.Ct. 1542. Recognizing the very narrow scope of the doctrine, the Third Circuit has established a two-part test for determining whether a federal statute so

completely preempts state law that federal question jurisdiction is established. *Railway Labor*, 858 F.2d at 941–42; *Dawson v. Ciba–Geigy Corp.*, 145 F.Supp.2d 565, 569 (D.N.J.2001).

First, the court must consider "whether the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls." *Id.* at 942. The federal law need not provide the same remedy offered by the state cause of action, but must "create a federal cause of action vindicating the same interest" vindicated by the plaintiff's state law claim. *Allstate Ins. Co. v. The 65 Security Plan*, 879 F.2d 90, 93 (3d Cir.1989); *Wood*, 207 F.3d at 678 (noting that "[c]omplete preemption ... does not depend on the type of relief requested in a complaint"). Without a federal cause of action, the claim cannot arise under federal law, and cannot be removed to federal court. *Railway Labor*, 858 F.2d at 942. Second, even if a federal cause of action exists, there must also be "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Id.* The relevant Congressional intent is "not an intent that the statute should displace state law," but rather "an intent that claims purportedly based on state law be removable." *Id.* at 941 (citing *Metropolitan Life*, 481 U.S. at 67–68, 107 S.Ct. 1542 (Brennan, J., concurring)). Without this "affirmative indication" of Congressional intent, removal jurisdiction does not exist.[3] *Id.* at 942.

pleading" doctrine support jurisdiction, the Third Circuit has stated that the two doctrines are based on the same principle. *See Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310 n. 5 (3d Cir.1994). In both, the issue is whether a state cause of action is completely preempted by federal law. *Id.* at 310. Where complete preemption is present, the "plaintiff may not defeat removal by omit-

ting to plead necessary federal questions in a complaint." *Id.; see also Rivet v. Regions Bank of L.A.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state law claim.").

**3.** The precise parameters of the Congressional intent test have not been defined. The test

## A. Civil Enforcement Provisions in the MVSA

In this case, the Plaintiffs argue that the MVSA contains no civil enforcement provisions concerning automobile tire recalls. The Defendants counter that the Act directly addresses consumer requests for tire recalls, noting that "[a]ny interested person may file a petition with the Secretary of Transportation" requesting a decision regarding a recall order. 49 U.S.C. § 30162(a)(2). The Defendants concede, however, that a petition filing is the only way for the Plaintiffs to "inject themselves" into the recall process. Defs. Joint Mem. at 7. Importantly, the Defendants do not suggest that the recall petition creates a "federal *cause of action*," but argue instead that the comprehensiveness of the MVSA is itself sufficient to completely preempt state law. *Allstate*, 879 F.2d at 93 (emphasis added); Defs. Joint Mem. at 18 (stating "complete preemption does not require the existence of a federal cause of action in place of the preempted state claim").

■ Although the MVSA unquestionably establishes a comprehensive system of oversight regarding tire recalls, it does not create a private right of enforcement. The Secretary of Transportation is authorized to order tire manufacturers to remedy defects, including issuing orders directing replacement or recall. 49 U.S.C. §§ 30118(b),(c); 30120(b). As noted, an investigation concerning the need for a recall order may be requested by "any interested person." *Id.* § 30162(a). Once a remedy order has been issued, the Secretary may conduct a hearing to determine "whether the manufacturer has reasonably met the remedy requirements." *Id.* § 30120(e). A compliance hearing may also be requested by any interested person, who may supplement the Secretary's findings with "written and oral presentations of information, views, and arguments....". *Id.* Nowhere, however, does the statute provide a federal cause of action for parties seeking a remedy for violations of the Act. Instead, the MVSA authorizes the Attorney General to bring a civil action in federal court to enjoin violations of the Act, or of regulations or orders issued by the Secretary of Transportation.

---

originates in the Supreme Court's opinion in *Metropolitan Life,* which stated that "in the absence of explicit direction from Congress," the question of whether the civil enforcement provision of the Employee Retirement Income Security Act of 1974 completely preempted state law claims "would be a close one." 481 U.S. at 64–65, 107 S.Ct. 1542 (*discussed in Railway Labor,* 858 F.2d at 942); *see also Schulze v. Legg Mason Wood Walker, Inc.,* 865 F.Supp. 277, 281 (W.D.Pa.1994). In 1996, a majority of a panel of the Third Circuit reaffirmed the importance of Congressional intent, holding that an examination of only the goals and history of the statute would be "at odds with the Supreme Court's narrow application of the complete preemption doctrine." *Spellman v. Meridian Bank,* 1995 WL 764548, at *13 (3d Cir. Jan.12, 1996). In dissent, Judge Scirica objected to the emphasis on intent, noting that legislation passed before the creation of the complete preemption doctrine could not be expected to contain the unambiguous intent to permit removal required by the majority. *Id.* at *24 (Scirica, J., dissenting). Although the Third Circuit vacated the panel decision in *Spellman,* and ordered an en banc rehearing, the case was settled and the district court decision affirmed without opinion. 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3722.1 (3d ed.1998). Some courts have reasoned that by vacating the panel opinion, the Third Circuit expressed a "disinclination to adopt the narrow approach taken in the original *Spellman* opinion." *Eisenman v. Continental Airlines, Inc.,* 974 F.Supp. 425, 434 (D.N.J.1997). Until the Third Circuit revisits the issue, however, Congressional intent to permit removal remains part of the complete preemption inquiry, and an important prerequisite to this Court's subject matter jurisdiction.

*Id.* § 30163(a). Moreover, any civil penalties imposed for violations of the MVSA are paid not to private parties, but to the United States. *Id.* § 30165(a). Entirely absent from this framework is the right of individuals to bring suit in federal court seeking a recall, or similar injunctive relief. Absent a private right of enforcement, the MVSA cannot completely preempt state law, and thus cannot provide jurisdiction for removal.

This finding mirrors the conclusions of other district courts that have considered this issue. *Carden v. Bridgestone/Firestone,* 2000 WL 33520302, at *3 (S.D.Fl. Oct.18, 2000); *Campbell v. General Motors Corp.,* 19 F.Supp.2d 1260, 1274 (N.D.Ala. 1998); *Coardes v. Chrysler Corp.,* 785 F.Supp. 480, 482–83 (D.Del.1992). In this regard, Defendants' reliance on *Wood v. Prudential* is misplaced. *Wood* did not, as the Defendants appear to argue, abrogate the first prong of the *Railway Labor* test by holding that complete preemption may exist despite the absence of a federal cause of action providing precisely the same remedy available under state law. Defs. Joint Mem. at 7 (discussing *Wood,* 207 F.3d at 678–79). To the contrary, *Wood* merely reaffirms the holding in *Railway Labor* that a plaintiff may not destroy federal question jurisdiction by artfully pleading around an area of complete preemption and seeking a different remedy from the one provided under federal law. *Wood,* 207 F.3d at 679 (discussing ERISA benefits, and noting that "[c]omplete preemption would be an empty doctrine if a plaintiff could plead his way into state court by seeking only money damages"). If federal law completely preempts a state cause of action, therefore, a plaintiff's desire for relief beyond the available federal remedies does not prevent removal. In contrast, the lack of any private right of enforcement under the MVSA precludes a finding of complete preemption, regardless of the relief Plaintiffs seek.

## B. Congressional Intent Concerning Removal Jurisdiction under the MVSA

█ Although the MVSA cannot completely preempt state law without a private enforcement right, there is also lacking any Congressional intent to permit removal jurisdiction. *See Allstate,* 879 F.2d at 94. Here, the Defendants argue that Congress drafted the Act to prevent state courts and state regulators from initiating tire recalls. Defs. Joint Mem. at 9. Defendants claim that the vast regulatory procedures of the Act demonstrate Congress's intent to preempt tire recalls, and preclude competing state-ordered recalls of the same product. *Id.* at 12. The Defendants rely heavily on the decision in *Namovicz v. Cooper Tire & Rubber Co.,* 2001 WL 327886 (D.Md. Feb.26, 2001), which held that 49 U.S.C. §§ 30118–20 completely preempts automotive recalls and creates federal jurisdiction. This Court respectfully disagrees with the holding of *Namovicz,* and declines to adopt its reasoning.

Two portions of the MVSA counter the Defendants' position. First, section 30103(e) states that "[c]ompliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." 49 U.S.C. § 30103(e). The plain language of the statute thus suggests that Congress intended to preserve state law actions regarding automobile safety standards. The Defendants argue that this "savings clause" is inapplicable to the present matter, because section 30103(e) applies only to the safety standards prescribed pursuant to the act, and not to a request for a recall. Defs. Joint Mem. at 15. The Defendants argue that the carefully-crafted contours of the Act would be meaningless

if the savings clause permitted state courts to conduct recalls. *Id.* at 16. It is not necessary, however, to determine the precise meaning of the savings clause beyond noting that "the exact scope of MVSA preemption is the subject of some debate." *Campbell,* 19 F.Supp.2d at 1273. Whether or not Congress intended to allow state ordered tire recalls, the Act contains no clear intention to preempt the entire area of automobile equipment standards and permit removal jurisdiction.

A second section of the MVSA emphasizes this point. Section 30103(d) states that a tire recall conducted pursuant to section 30120(b) does not displace "any rights and remedies under other laws of the United States or a State." 49 U.S.C. § 30103(d). Defendants attempt to distinguish this section by arguing that Congress never intended to permit state courts to order their own recalls. But as explained below, this argument, even if accepted, would not demonstrate the necessary congressional intent to completely preempt all state-based remedies for tire defects. Rather, the language of section 30103(d) demonstrates Congress's desire to preserve the role of the states in automobile safety efforts. As other courts have noted, the very legislative history cited by the Defendants confirms that Congress intended the federal government to hold only the "*primary* responsibility for regulating the national automotive manufacturing industry," not the exclusive authority. S.Rep. No. 1301 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2709, 2712 (emphasis added); *see also Lennon v. Donnelly,* 2000 WL 1570645, at *3, 2000 U.S. Dist. LEXIS 15405, at *12 (E.D.Pa. Oct. 19, 2000). The language of section 30103(d) therefore does not demonstrate an intent to completely preempt the Plaintiffs' claims. *See Talalai v. Cooper Tire & Rubber Co.,* 2001 U.S. Dist. LEXIS 3577, at *27 (D.N.J. Jan. 9, 2001).

The Defendants' position demonstrates the difference between the defense of ordinary preemption, and the doctrine of complete preemption. As the Third Circuit has explained, "[o]rdinary preemption governs what substantive law—federal or state—ought to control a claim styled under state law." *Krashna v. Oliver Realty, Inc.,* 895 F.2d 111, 114 n. 3 (3d Cir. 1990). Thus, "[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted ... does not establish that they are removable to federal court." *Caterpillar,* 482 U.S. at 398, 107 S.Ct. 2425; *Railway Labor,* 858 F.2d at 941.

It is possible, therefore, that following remand "the state court may still independently preempt the plaintiffs' state law claims" for a recall. *Campbell,* 19 F.Supp.2d at 1274. "That issue must be left for determination by the state court on remand," as this Court "need not and should not address the issue of whether the state substantive law relied upon by the plaintiff has been preempted by federal law." *Railway Labor,* 858 F.2d at 942. For the present, the Defendants have not demonstrated that the Act completely preempts state law, and therefore have not satisfied their burden of establishing federal subject matter jurisdiction.

Accordingly, **IT IS ORDERED** on this 17th day of October 2001 that the motion of Plaintiffs Judy and Michael Burgo to remand this case is granted; and it is further

**ORDERED** that this action is remanded to the Superior Court of New Jersey, Law Division, Hudson County; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to the clerk of the Superior Court of

New Jersey, Law Division, Hudson County.